No. 9976.

## THE STATE v. NEWKIRK.

CRIMINAL LAW.—*New Trial for State.—Practice.*—A new trial can not be granted the State in a criminal case, where there has been a trial and acquittal of the defendant before a court of competent jurisdiction.

SAME.—*Failure of Judge to Sign Record of Proceedings.*—The failure of the judge to sign each day's proceedings can not render the judgment of acquittal void, so as to authorize the defendant to be again put upon trial, or require a reversal of the judgment by the Supreme Court.

From the Hancock Circuit Court.

*D. P. Baldwin*, Attorney General, *L. P. Newby*, Prosecuting Attorney, *W. W. Thornton* and *W. W. Cook*, for the State.

WORDEN, J.—The appellee was charged, by indictment in the court below, with having, at said county, on the 15th day of August, 1881, unlawfully placed and thrown a certain deleterious substance, to wit: dynamite, hercules and giant powder in a stream of running water, known as Blue River, with intent then and there thereby to kill and catch the fish in the said river.

The defendant pleaded not guilty, and the cause was submitted to the court for trial on an agreement as to the facts, and there was a finding and judgment for the defendant.

It was agreed that on the 27th day of June, 1881, the defendant threw a certain composition of explosive matter into said Blue River, in said county, which substance, by its explosion, killed fish by concussion; that the substance was called and reported to be dynamite, and was not poisonous, but killed fish by concussion.

The object of the appeal seems to have been to obtain the views of this court upon the question whether dynamite, which, according to the agreed statement of facts, is not poisonous, but kills by concussion, is a "deleterious substance" within the meaning of the second section of the act providing for the protection of fish, etc., approved February 22d, 1871. 2 R. S. 1876, p. 481.

But the question is not legitimately before us. The defendant has been tried and acquitted, and he can not be again put in jeopardy for the offence, either by granting the State a new trial or otherwise. There is no such thing known to our law as granting the State a new trial in a criminal case, where there has been a trial and acquittal before a court of competent jurisdiction.

The point is rendered comparatively immaterial by the fact that section 2120, R. S. 1881, makes explicit provisions on. the subject.

It is urged that the judgment should be reversed because it does not appear that the judge below signed each day's proceedings.

We can not conceive how the failure of the judge to sign each day's proceedings can render the judgment of acquittal void so as to authorize the defendant to be again put upon trial, or require a reversal of the judgment.

The judgment below is affirmed.